03cv17000zbv-ord(March2011Scheduling).wpd

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

IN RE: WELDING FUME PRODUCTS     :
   LIABILITY LITIGATION     :     Case No. 1:03-CV-17000
                                                                  :     (MDL Docket No. 1535)
                                                                  :
                                                                  :     JUDGE O'MALLEY
                                                                  :
                                                                  :     **MEMORANDUM AND ORDER**

On March 14, 2011, the Court engaged in a teleconference with the parties to discuss scheduling and other matters. This Order documents the Court's case management decisions.

## I.    Next Status Conference.

The Court will hold a telephone status conference on **Monday, April 18, 2011 at 2:00 p.m. EST** to discuss case management matters. The Court will contact those attorneys whom it wishes to participate in this conference. The call in numbers are: **888-346-3950, 996346#.**

## II.    Cases filed by Attorney Craig.

The Court held a discussion on the record with attorney Bruce Craig, who represents

plaintiffs in 11 separate cases filed in this MDL.[1] The discussion centered upon whether this Court has subject matter jurisdiction in these cases, and more specifically whether the cases meet the amount-in-controversy requirement.

In each of Craig's cases, the plaintiff filed a stipulation stating he does not seek and will not accept an award in excess of $74,999.[2] Craig explains that: (1) his clients have brought similar suits in state court, where they prefer to pursue their claims; (2) he filed the federal cases for procedural purposes only, and does not believe federal jurisdiction exists; and (3) he would like this Court to dismiss the federal cases for lack of jurisdiction.

---

[1] The cases are: (1) *Bishnow*, 10-WF-17001; (2) *Bogenschutz*, 10-WF-17002; (3) *Bradford*, 10-WF-17003; (4) *Brown*, 10-WF-17004; (5) *Cockerham*, 10-WF-17005; (6) *Cole*, 10-WF-17006; (7) *Motley*, 10-WF-17007; (8) *Owens*, 10-WF-17008; (9) *Ramsey*, 10-WF-17009; (10) *Rich*, 10-WF-17010; and (11) *Rowe*, 10-WF-17011.

[2] Specifically, each plaintiff "stipulate[d] for all purposes that the aggregate sum of all damages attributable to each such claim (including any derivative claims), and including any payments under settlements for welding consumable injuries by virtue of prior suits or claims, is under seventy-five thousand dollars, exclusive of costs of Court. In addition, with respect to each Plaintiff, and inclusive of any derivative claims associated with any named plaintiff (or decedent), the Plaintiffs, and each of them do hereby stipulate that they are not making claims for injuries or damages attributable to exposures to welding consumables where the content or formulation of the consumable, or the content or formulation of the instructions and warnings for its use was dictated by any federal officer. In addition, with respect to each Plaintiff, and inclusive of any derivative claims associated with any named plaintiff (or decedent), the Plaintiffs, and each of them do hereby stipulate that they are not making claims for injuries or damages attributable to exposures to welding consumables on the premises of any federal enclave as that term is defined by law." *See, e.g., Bishnow*, case no. 10-WF-17001, docket no. 10 at 6. Each plaintiff further "stipulate[d] for all purposes and all time by and through this filing that the sum total of the damages he has or will suffer by reason of exposure to welding fumes is less than $75,000.00 exclusive of costs of court. The Plaintiff further stipulates for all purposes and for all time that in the unlikely event that a jury were to award damages in excess of $75,000.00 for injuries and or damages attributable to exposures to welding fumes, that he will not accept an award in excess of $74,999.00 for such damages, exclusive of costs of Court. The Plaintiff further stipulates for all purposes and for all time that he expressly waives and renounces for all time any damage award in excess of $74,999.00, exclusive of costs of court, for injuries and damages attributable to exposures to welding fumes." *Id.* at 7.

Defendants responded that, in light of the stipulation by the plaintiff in each case, they do not object to dismissal. Case law supports dismissal of claims for lack of jurisdiction in these circumstances. *See Captain v. Wal-Mart Stores East, Inc.*, 2010 WL 4875702 (S.D. Ohio Oct. 7, 2010) (holding that remand for lack of jurisdiction "is required when a plaintiff executes a post-removal stipulation that caps damages below the $75,000 threshold, at least where no higher amount is specified in the complaint").

Accordingly, the Court hereby **ORDERS** that each of attorney Craig's cases listed in footnote one is **DISMISSED**, without prejudice. These dismissals are specifically predicated on the stipulations by the plaintiff in each case that: (1) "for all purposes and for all time, . . . in the unlikely event that a jury were to award damages in excess of $75,000.00 for injuries and or damages attributable to exposures to welding fumes, . . . he will not accept an award in excess of $74,999.00 for such damages, exclusive of costs of Court;" and (2) "for all purposes and for all time, . . . he expressly waives and renounces for all time any damage award in excess of $74,999.00, exclusive of costs of court, for injuries and damages attributable to exposures to welding fumes." Stipulation at 6-7.

### III. *Daubert* Hearing; *Street* Trial.

Earlier, the Court gave the plaintiff in the *Street* trial a choice: "(1) maintain his existing trial date of June 1, 2011, at which trial he may not offer the opinions of Dr. Sanchez-Ramos; or (2) postpone the starting date for trial of his case until on or about November 1, 2011, and the Court will conduct a *Daubert* hearing on the admissibility of Dr. Sanchez-Ramos's opinions during the summer of 2011." Order at 4 (master docket no. 2532). Plaintiff Street chose the second option.

Accordingly, the Court sets the *Daubert* hearing to begin at **9:00 a.m EST on August 24, 2011**, with the expectation the hearing will last two days. The hearing will take place in Cleveland, Ohio. Further, the parties are **directed** to negotiate a schedule for briefing, expert depositions, and so on, and provide it to the Special Master as soon as possible. As agreed by the parties, this schedule will include a deadline of April 5, 2011, for provision by Dr. Sanchez-Ramos of a supplemental expert report and literature review list.

Trial of the *Street* case is postponed to on or about November 1, 2011. The Court will discuss trial preparation deadlines with the parties during the next case management teleconference.

## IV. *Pro Se* **Plaintiffs.**

There are currently seven plaintiffs who are pursuing their *Welding Fume* cases *pro se*. Most of these plaintiffs had counsel at one time, but counsel withdrew. These plaintiffs are free to proceed without counsel, of course, but the case management requirements that this Court has imposed on all *Welding Fume* cases still apply equally to cases being prosecuted *pro se*.

Accordingly, the Court makes clear that the following *pro se* plaintiffs must file the required documents listed within the deadlines set out below.[3] If the plaintiff fails to file the required documents by the applicable deadlines, his case will be dismissed for want of prosecution. Plaintiff's Liaison Counsel[4] will: (1) attempt to ensure this information is received by the plaintiffs listed below; and (2) assist any *pro se* plaintiff who seeks explanation.

---

[3] The deadlines listed are simply the next ones required. The Court may later issue other Orders requiring each plaintiff to meet other necessary deadlines.

[4] Plaintiff's Liaison Counsel, Lisa Gorshe, may be reached at 877-621-1228, or 216-621-8484.

4

| **Plaintiff** | **Case Number** | **Documents to be Filed** | **Deadline** |
|---|---|---|---|
| Dillingham, Nicholas | 05-CV-17203 | Expert Medical Report linking plaintiff's neurological injury to his welding fume exposure. | July 1, 2011 |
| Feist, Harry | 05-CV-17996 | Notice of Certification of intent to try the case. | May 2, 2011 |
| Casillas, Eliud | 05-CV-18010 | Notice of Certification of intent to try the case. | May 2, 2011 |
| Bedingfield, Bobby | 05-CV-18827 | Notice of Certification of intent to try the case. | May 2, 2011 |
| Rubino, Germano | 06-CV-17034 | Notice of Compliance with Medical Records Collection.  In addition, must provide appropriate medical provider authorizations to Plaintiff's Liaison Counsel. | May 2, 2011 |
| Carrington, Robert | 08-CV-17633 | Notice of Certification of intent to try the case. | None at this time.[5] |
| Emerson, Janice | 09-WF-17066 | Expert Medical Report linking plaintiff's neurological injury to his welding fume exposure. | July 1, 2011 |

---

[5] Plaintiff Carrington will be required to file a Notice of Certification of intent to try the case, but not until after his Medical Records Collection is complete.  Accordingly, Plaintiff's Liaison Counsel will inform Mr. Carrington when Medical Records Collection is complete, and Mr. Carrington should then promptly file the required notice.  The Court will issue a separate deadline for Mr. Carrington if necessary.

## V. Re-Trial of the *Mann* Case.

Judge Dowd granted a motion for new trial in *Mann*, case no. 06-CV-17288, and suggested to the undersigned that "it may be appropriate to remand the case to the original transferor court" for re-trial. Order at 4 (March 2, 2011) (*Mann* docket no. 201). The Court discussed with the parties the options of trying the case in Minnesota (where the case was originally filed), South Dakota (the law of which applies to Mann's claims), or Ohio (where the case was transferred). The Court directs the parties to discuss these options, determine if they can agree on a venue for new trial, and report to the Court at the next case status teleconference. If the parties cannot reach agreement, the Court will set a formal briefing schedule to address this issue.

## VI. Continuing Case Review.

The Court discussed with the parties their efforts regarding the Court's earlier Order to "meet and confer to discuss existing medical records discovery in all pending MDL cases," and to determine the viability of each case. *Meet and Confer Order* at 1 (master docket no. 2516). The Court expects those efforts will continue, and <u>also expects the parties will engage in similar efforts in connection with *Welding Fume* cases that are pending in state court</u>. The Court will not set out specific directions and deadlines for this process, as it did earlier in the *Meet and Confer Order*, but the Court will expect a full description of the parties' efforts at the next case status teleconference.

**IT IS SO ORDERED.**

                                                     /s/ Kathleen M. O'Malley
                                                     **KATHLEEN McDONALD O'MALLEY**
                                                     **UNITED STATES DISTRICT JUDGE**

**DATED**: March 25, 2011